318 S.E.2d 456

**STATE of West Virginia**

v.

**Edgar G. GAINER, Magistrate of Randolph County, West Virginia.**

**No. 15998.**

Supreme Court of Appeals of West Virginia.

July 11, 1984.

Gregory W. Bailey, Deputy Atty. Gen., Charleston, for appellant.

R. Mike Mullens, Elkins, for appellee.

McGRAW, Justice:

The State of West Virginia appeals from the dismissal of its petition for a writ of prohibition in the Circuit Court of Randolph County which sought to nullify the reduction of a second offense drunk driving charge to a first offense drunk driving charge by Randolph County Magistrate, Edgar G. Gainer. The State contends that the magistrate exceeded his authority in reducing the charge, and that, therefore, a writ of prohibition should have issued. Without determining the appropriateness of the issuance of a writ of prohibition in this case, we nevertheless conclude that the circuit court's refusal to entertain the State's petition and to issue a rule to show cause in this case was improper.

On November 5, 1978, Randolph J. Louk was arrested and plead guilty to drunk driving. On March 23, 1983, Louk was again arrested for drunk driving. At a hearing on June 8, 1983, Magistrate Gainer reduced a charge of second offense drunk

driving against Louk to first offense drunk driving upon the defendant's motion. Apparently, although not abundantly clear from the record, this action was taken on the theory that Louk's first conviction was void because it was based upon a defective warrant. After Magistrate Gainer's reduction in the offense charged, Louk immediately plead guilty to first offense drunk driving.

On July 5, 1983, the State filed a petition for a writ of prohibition in the Circuit Court of Randolph County, seeking to void Magistrate Gainer's action in reducing the second offense drunk driving charge. The circuit court, however, denied the State the right to file this petition and refused to issue a rule to show cause against Magistrate Gainer. It is from this denial and refusal that the State appeals.

West Virginia Code § 53-1-5 (1981 Replacement Vol.) provides that "The court or judge to whom the petition in mandamus or prohibition is presented *shall*, if the petition makes a prima facie case, issue a rule against the defendant to show cause why the writ prayed for should not be awarded." (Emphasis added). The circuit court, in its order refusing to issue a rule to show cause or to even entertain the State's petition, failed to discuss, or even mention, this prima facie case requirement. In fact, it gave no reason whatsoever for its denial of the right of the appellant to file its petition or its refusal to issue a rule to show cause.

■ Under West Virginia Code § 53-1-5 (1981 Replacement Vol.), circuit courts have a mandatory duty to issue a rule to show cause in mandamus or prohibition actions unless the petition seeking such extraordinary relief fails to make a prima facie case. The absence of any indication in the record that such a determination was made in the present case prevents the Court from concluding that the circuit court complied with its mandatory duty under West Virginia Code § 53-1-5 (1981 Replacement Vol.). Furthermore, after examining the appellant's petition for a writ of prohibition in the Circuit Court of Randolph County, we conclude that if the circuit court had applied the proper test it would have determined that a prima facie case had been made and that a rule to show cause against Magistrate Gainer should issue.

For the foregoing reasons, the order of the Circuit Court of Randolph County dismissing the appellant's petition for a writ of prohibition is reversed, and the case is remanded for issuance of a rule against Magistrate Edgar G. Gainer to show cause why the writ prayed for should not be awarded.

Reversed and remanded.